**Homer Ray BROWN, Appellant,**

v.

**Edmund G. BROWN, Governor, State of California, et al., Appellees.**

**No. 21005.**

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1966.

---

Homer R. Brown, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Gloria F. Dellart, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge:

Appellant, an inmate of San Quentin Prison in California filed an *in forma pauperis* complaint with the United States District Court for the Northern District of California. He named the Governor of California and the Warden of the prison as defendants and alleged, under the Federal Civil Rights Act, 42 U.S.C. §

1983,[1] their agents beat him and caused various other deprivations of his civil rights. The district court dismissed the complaint under Fed.R.Civ.Proc., Rule 12 (b) for failure to state a claim upon which relief may be granted. This appeal followed.

Jurisdiction in the district court was conferred by 28 U.S.C. § 1343(3) and in this court by 28 U.S.C. § 1291. Proceedings *in forma pauperis* are authorized by 28 U.S.C. § 1915.

■■ The Federal Civil Rights Act creates a cause of action to remedy deprivations of Constitutional rights by persons acting under color of state law, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. Persons confined in state prisons are within the protection of this act. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed. 1030; Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963); Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963).

■ The pleadings filed by appellant contain allegations which could be said to tax a reader's credulity.[2] It might be noted also that sections 118, 118a and 126 of the California Penal Code define the crime of perjury and provide for a penalty for its commission. However, in passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true. Cooper v. Pate, supra; Williford v. California, 352 F.2d 474, 475–476 (9th Cir. 1965); Edwards v. Duncan, 355 F.2d 993 (4th Cir. 1966). Viewed in this respect the complaint does state a cause of action under the Civil Rights Act and should not have been dismissed under Fed.R.Civ.Proc., Rule 12(b).

On remand we invite the district court's attention to what we said in Stiltner v. Rhay, supra, at 316–317, regarding cases such as this: "It may appear * * *

that although a cause of action is formally alleged the proceeding is nonetheless frivolous. * * * [T]he preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S.C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915(d) if the court thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious."

Reversed and remanded for further proceedings.

**ROBERT A. JOHNSTON COMPANY,**
**Appellee,**

v.

**SOUTHLAND DAIRY DISTRIBUTING COMPANY, Chef's Kitchen, Inc., John H. Tasker, Frederic E. Schluter, Jr., and Dorothy O. Schluter, Appellants.**

**No. 10778.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1966.

Decided Oct. 27, 1966.

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. For example, in paragraph 10 of appellant's complaint he alleges that when he could not give an agent of the FBI certain information concerning "another

**994**

Harry Frazier, III, Richmond, Va. (Stedman H. Hines, Hines & Dettor,

Greensboro, N. C., and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on motion), for appellants.

A. W. Sapp, Jr., Greensboro, N. C. (Clyde T. Rollins, Seymour, Rollins & Rollins, and Sapp & Sapp, Greensboro, N. C., on motion), for appellee.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

case" that "petitioner was set upon by said person and three agents of the San Quentin Prison (names unknown) and thereafter this petitioner/plaintiff was beat, kicked, knocked, stomped, thrashed, and cursed in their, said persons (names unknown) effort to coerce this petitioner/plaintiff into making a statement about another case of their interest; and, a confession to the effect that this petitioner was involved in crimes of infamy against the people of the State of California; and, for the petitioner to cease and desist from any further action in the federal courts in the case of Brown vs Brown, Misc. 1299 D.C.N.D. California, supra."