393 F.2d 330
 Harry Lee DODD, Appellant,
v.
SPOKANE COUNTY, WASHINGTON, and agents et al.; George A.
Kain, Spokane County Prosecutor, Matt Alexander, Deputy
Prosecuting Attorney, and their Sureties on Official Bond;
William J. Reilly, sheriff, Spokane County, and his Sureties
on Official Bond; Capt. D. Holmes, Chief Jailer; Deputy
Sheriff Raymond Grooms, Sgt. Halverston, Deputy Sheriff and
their Sureties on Official Bond, Appellees.
 No. 21577.
 United States Court of Appeals Ninth Circuit.
 March 28, 1968.
 
 Harry Lee Dodd, in pro. per.
 George A Kain, Pros. Atty. for Spokane County, Washington, Matt L. Alexander, Deputy Pros. Atty., Spokane, Wash., for appellees.
 Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 On July 20, 1966, Harry Lee Dodd, proceeding pro. per., tendered in the district court, for filing, a complaint for damages under the Civil Rights Act, together with his motion and supporting affidavit for leave to proceed in forma pauperis.[1] He named as defendant Spokane County, Washington, the prosecuting attorney and a deputy prosecuting attorney of that county, the sheriff of that county, and three of his deputy sheriffs. Dodd alleged that while he was incarcerated in the Spokane County jail the defendants, conspiring together, subjected him to threats of violence, actual assaults, and other punishing treatment in their effort to force him to testify falsely against one Fred H. Nolon in a criminal trial in which Nolon was a defendant.
 
 
 2
 On the day Dodd tendered his complaint, the district court entered an order granting him leave to proceed in forma pauperis, and the action was docketed as No. 2927 in the district court. On the same day the district court, on its own motion and without issuance or service of process upon defendants, without notice to Dodd, and without affording him an opportunity to submit written argument, entered another order dismissing the complaint. Dodd applied to the district court for leave to appeal in forma pauperis. The district court denied the application. Dodd then renewed, in this court, his application for leave to appeal in forma pauperis.
 
 
 3
 On October 28, 1966, while that application was pending in this court, Dodd tendered in the district court another complaint for damages under the Civil Rights Act, naming the same defendants. This complaint was identical with the original complaint, except that it included an additional paragraph containing allegations which are immaterial insofar as this appeal is concerned. Dodd did not tender this pleading as an amended complaint, but as an original complaint in a new action. Again, Dodd sought leave to procceed in forma pauperis.
 
 
 4
 On the day on which this new complaint and application to proceed in forma pauperis were tendered, the district court granted permission to file the complaint in forma pauperis and that action was docketed as No. 2963 in thd district court. In the same order, on its own motion, and without issuance or serving of process upon defendants, without notice to Dodd, and without affording him an opportunity to submit written argument, the district court dismissed the new complaint with prejudice. The court dismissed the action on the ground that, in all significant aspects, the new complaint was a duplicate of the original complaint.
 
 
 5
 Dodd again applied to the district court for leave to appeal in forma pauperis. The district court denied the application on the ground that the appeal was frivolous. Dodd renewed his application here and it was granted by another panel of this court. At the same time an order was entered consolidating the two appeals.[2]
 
 
 6
 We turn first to the initial appeal, arising from the order of dismissal entered on July 20, 1966, in District Court Cause No. 2927.
 
 
 7
 At the outset we must consider, on our own motion, whether the appeal must be dismissed because taken from a non-appealable order. On its face the order dismissed the complaint but not the action. Except under special circumstances making it clear that the district court determined that the action could not be saved by any amendment of the complaint, such an order is not final, and therefore not appealable. See Marshall v. Sawyer, 9 Cir.,301 F.2d 639, 643.
 
 
 8
 In our view, the ground stated by the district judge in dismissing the complaint, to be discussed below indicates that such circumstances exist in this case. We therefore have jurisdiction to entertain the appeal.
 
 
 9
 In dismissing the complaint, the district court did not state that the action is frivolous or malicious, thereby invoking 28 U.S.C. 1915(d) (1964).[3] Instead, the court analyzed the complaint, cited authority and held, in effect, that the complaint does not state a claim upon which relief can be granted.
 
 
 10
 Thus the court, in practical effect, invoked on its own motion Rule 12(b)(6), Federal Rules of Civil Procedure. This the court had the right to do if the proper procedural steps were taken and if the determination is correct on the merits. We hold that the district court erred in both respects.
 
 
 11
 There were two procedural deficiencies: (1) The court did not permit issuance and service of process as required by Rule 4(a), Rederal Rules of Civil Procedure; and (2) The court acted upon the complaint without notice to plaintiff of the proposed action, and without affording him an opportunity to at least submit a written argument in opposition thereto. See Armstrong v. Rushing, 9 Cir., 352 F.2d 836, 837. See also, Wallen v. Rhay, 9 Cir., 354 F.2d 241; Harmon v. Superior Court, 9 Cir., 307 F.2d 796, 798.
 
 
 12
 Coming to the merits of the dismissal, the reason given by the district court for dismissing the action was that, since compensation for an assault can be obtained in the state courts of Washington, the Civil Rights Act affords no remedy to a county jail prisoner who is assaulted in jail by policemen, prosecuting attorneys, sheriffs or other state or county officials.
 
 
 13
 This is not an adequate ground for dismissing a civil rights action. The availability of a state remedy does not preclude one from seeking relief under the Civil Rights Act if, in other respects, the complaint states a claim under that Act. See Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492; Cohen v. Norris, 9 Cir., 300 F.2d 24, 34.
 
 
 14
 In Brown v. Brown, 9 Cir., 368 F.2d 992, this court held that a complaint alleging that while the plaintiff was a prison inmate, state officials beat him and caused him various other deprivations of his civil rights, states a claim under the Civil Rights Act, notwithstanding that such allegations tax a reader's credulity. It should also be noted that in the case now before us there is nothing in the complaint to indicate that the violence and threats of violence allegedly visited upon Dodd had anything to do with jail discipline.
 
 
 15
 Defendants do not attempt to defend the dismissal on the ground relied upon by the district court. Instead, they advance two other reasons why the correct result was reached. The first of these is that the allegations in Dodd's complaint concerning assaults upon Dodd and threats of other violence are untrue.
 
 
 16
 In considering a motion to dismiss, made under Rule 12(b)(6), Federal Rules of Civil Procedure, the truth of the facts set forth in the complaint is to be assumed. Brown v. Brown, 9 Cir., 368 F.2d 992, 993. It follows that defendants' argument that the critical allegations of the complaint are false, based on circumstances not revealed by the complaint, provides no support for the order of dismissal.
 
 
 17
 Defendants' remaining argument in support of the order under review is that, as to all of the defendants, their official positions are such that they are immune from suit under the Civil Rights Act.
 
 
 18
 With regard to defendant Spokane County the real question is not whether that defendant in 'immune' from suit within the meaning of the common law doctrine of immunity. Rather, the relevant inquiry is whether a local unit of government is a 'person' within the meaning of the Civil Rights Act, against whom such an action may be brought. The Supreme Court has held that it is not. See Monroe v. Pape, 365 U.S. 167, 187-192, 81 S.Ct. 473, 5 L.Ed.2d 492. It follows that insofar as defendant Spokane County is concerned the complaint fails to state a claim upon which relief can be granted within the meaning of Rule 12(b)(6).
 
 
 19
 The remaining defendants, consisting of county prosecuting and enforcement officials, may or may not be immune from suit under the Civil Rights Act, depending upon the circumstances which are ultimately shown to exist.
 
 
 20
 The defense of good faith and probable cause is available to defendant county sheriff and deputy sheriffs. Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288. If they are not able to establish that defense they have no other immunity from suit under the Civil Rights Act, though of course plaintiff may not be able to prove that they engaged in the alleged acts.
 
 
 21
 Needless to say, the district court could not determine from the allegations of the complaint that these defendants had such a defense. Nor did it even undertake to make such a determination. The court therefore erred in dismissing the action as to defendant sheriff and deputy sheriffs on the ground that the complaint fails to state a claim upon which relief can be granted.
 
 
 22
 Defendants prosecuting attorney and deputy prosecuting attorney are immune from suit under the Civil Rights Act if the acts complained of were performed in connection with their quasijudicial duties. On the other hand, if such acts were committed pursuant to their investigatory duties, then their role is substantially the same as that of policemen or county sheriffs, in which case they have the same defense as indicated above for the defendant county sheriff and deputy sheriffs. See Robichaud v. Ronan, 9 Cir., 351 F.2d 533, 536-538.
 
 
 23
 The district court could not, and did not, undertake to determine from an examination of the complaint that defendant prosecuting attorney and deputy prosecuting attorney were in the performance of quasi-judicial duties at the times in question, or, if then in the performance of investigatory duties, that they were proceeding in good faith and with probable cause. Accordingly, the court erred in dismissing the action as to them on the ground that the complaint fails to state a claim upon which relief can be granted.
 
 
 24
 In view of our disposition of this appeal, Dodd's second civil rights action becomes moot and the appeal therein is dismissed.
 
 
 25
 While, as stated above, the district court erred in not permitting the issuance and service of process, and in acting upon the complaint without notice to Dodd, the fact is that all of the defendants have appeared in this court and Dodd has here fully presented his arguments in opposition to the district court order. For this reason it is not necessary to remand for the purpose of correcting procedural deficiencies.
 
 
 26
 Affirmed as to defendant Spokane County and reversed as to the other defendants.
 
 
 
 [1]
 The provisions of the Civil Rights Act relied upon by Didd are Rev.Stat. 1979, 1980, 1981 and 722 (1875), 42 U.S.C. 1983, 1985, 1986 and 1988 (1964). Thd district court had jurisdiction under 28 U.S.C. 1343 (1964)
 
 
 [2]
 The effect of this order was to grant leave to appeal in forma pauperis as to both appeals
 
 
 [3]
 However, if it be assumed that the district court did proceed under section 1915(d), we would hold that, for the reasons stated below, and with due regard to the broad discretionary power vested in a district court acting under section 1915(d) to dismiss a forma pauperis proceeding as frivolous, it was error to dismiss this action as frivolous