406 F.2d 515
 Clifford Paul WILTSIE, Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS and Walter Dunbar, as Director of Corrections, Lawrence E. Wilson, as Warden, California State Prison, San Quentin, California, R. Wham, as Associate Warden-Custody, California State Prison, San Quentin, California, C. B. McEndree, as Correctional Captain, California State Prison, San Quentin, California, C. E. Moody, as Correctional Lieutenant, California State Prison, San Quentin, California, Does One and Two, as Correctional Sergeants, California State Prison, San Quentin, California, N. T. Smith and Woodside, and Does Three through Twenty-Five, Collectively and Individually, Appellees.
 No. 22380.
 United States Court of Appeals Ninth Circuit.
 December 31, 1968.
 Rehearing Denied February 19, 1969.
 
 Clifford Paul Wiltsie in pro. per.
 Thomas C. Lynch, Atty. Gen., of Cal., Derald E. Granberg, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellees.
 Before CHAMBERS, POPE and HAMLEY, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 Clifford Paul Wiltsie appeals from the dismissal of this suit brought under the Civil Rights Act, Rev.Stat. §§ 1979 and 1980 (1875), 42 U.S.C. §§ 1983 and 1985 (1964).
 
 
 2
 Wiltsie is in California penal custody following his conviction on charges of first degree robbery and escape. In his complaint, as amended, he names, as defendants, the California Department of Corrections, Walter Dunbar, Director of Corrections, and twelve named officials and employees at California State prison, San Quentin, California, and nineteen "Does." He seeks substantial monetary damages, an injunction against the commission of further acts of the kind of which he complains, and release from further incarceration. The district court, proceeding under 28 U.S.C. § 1915(a) (1964), granted leave to file the complaint in forma pauperis.
 
 
 3
 According to the complaint, on January 18, 1967, while Wiltsie, a Caucasian citizen of the United States, was doing prison work outside the main prison complex, a racial disturbance occurred within the inside perimeter of the prison. After order was restored, Wiltsie and others were returned to their assigned cells. On the next day a general search of all cells for weapons and contraband was conducted under the supervision of C. E. Moody, one of the defendants.
 
 
 4
 When the search squad reached Wiltsie's area of the prison, Moody ordered Wiltsie and all the other prisoners in that area to undress. Wiltsie complied These prisoners were then asked to leave their cells and to stand facing the gunwalk with their hands on the rail, while their cells were being searched. Wiltsie followed these orders as directed.
 
 
 5
 Plaintiff further alleged that while he was standing in this position, N. T. Smith, one of the defendants, directed an obscene question to him in a loud voice and began beating him on both sides of his head. Another defendant, K. J. Slee, joined in, uttering another obscenity, and beating Wiltsie on his right shoulder with a billyclub. A third defendant, M. R. Stauts, then began striking Wiltsie on the lower part of his back across the spinal column and across the buttocks, with a billyclub. Other officers, including defendants Woodside and R. L. Brown, also began beating him with fists and billyclubs. During all of this time, Wiltsie alleged, he stood silent and submissive and obeyed all orders.
 
 
 6
 According to the complaint, another defendant, T. Plant, then came along and ordered the others to cease what they were doing and they complied. After the cell was searched, Wiltsie was ordered back into it. As he did so, defendant R. O. Fehrenkamp struck Wiltsie in the solar plexus with his fist. Wiltsie alleged that he suffered great bodily harm as a result of this beating which may result in permanent disability. Bruises appeared on his head, shoulders, ribs, back, buttocks and legs. Wiltsie, although requesting immediate medical attention, did not receive any until January 23, 1967.
 
 
 7
 Wiltsie further alleged that, while the beating was being administered to him, three defendant correctional officers (unnamed), armed with rifles and pistols, positioned themselves on the gunwalk, directly in front of Wiltsie's cell, and leveled their rifles on him. Moreover, while the search of his cell was being carried on, Wiltsie alleged, one of the defendants, R. O. Fehrenkamp, carried from the cell, and later destroyed, an oil painting which Wiltsie valued at $250.00.
 
 
 8
 According to the complaint, as amended, defendant Dunbar was responsible for the formulation of rules and regulations at the prison, and defendants Lawrence E. Wilson, R. Wham and C. B. McEndree exercised supervision over the defendants who actually engaged in the alleged assault upon Wiltsie. All of the alleged acts were assertedly performed under color of state law. In addition to the alleged personal participation of several of the defendants, as described above, Wiltsie alleged all of the asserted acts complained of were done pursuant to a conspiracy between all of the defendants.
 
 
 9
 Defendants moved to dismiss the action upon the ground that the complaint, as amended, failed to state a claim upon which relief can be granted within the meaning of Rule 12(b) (6), Federal Rules of Civil Procedure. Defendants also moved to dismiss the action upon the further ground that the complaint, as amended, is frivolous or malicious, within the meaning of 28 U.S.C. § 1915 (d).
 
 
 10
 Defendants filed a memorandum of authorities in support of the motions, to which was attached, as an exhibit, an internal prison report concerning the racial disturbance and subsequent events, including the cell search. Plaintiff filed a countering memorandum of authorities to which were attached, as exhibits, copies of a number of prison documents and written statements. None of the exhibits submitted by plaintiff or defendants make reference to the beating alleged in Wiltsie's complaint.
 
 
 11
 In dismissing the action the district court held that the allegations in the complaint are not sufficient to require interference in the internal administration of prison affairs. The court did not indicate which of defendants' two motions to dismiss was being granted, or whether both were being granted. However, since the court had, pursuant to 28 U.S.C. § 1915(a), granted Wiltsie leave to proceed in forma pauperis, we assume that the court did not act favorably on the motion to dismiss made under section 1915(d), but granted the Rule 12(b) (6) motion to dismiss for failure to state a claim.[1]
 
 
 12
 On appeal, Wiltsie argues that the trial court erred in dismissing the action on that ground.
 
 
 13
 As stated above, matters outside the pleading were presented. Since the trial court did not exclude those matters, the motion upon which the court acted must be treated as one for summary judgment. See Rule 12(b), Federal Rules of Civil Procedure. However, the matters presented outside the record did not raise a genuine issue as to any material fact alleged in the complaint. Therefore, the only question presented here is whether, on the facts alleged by plaintiff, a claim under the Civil Rights Act was stated against any of the defendants.
 
 
 14
 We first consider whether a claim under the Civil Rights Act was stated against the named personal defendants, or any of them, by reason of their alleged participation in the asserted beating, or their alleged supervisory or conspiratorial connection therewith.
 
 
 15
 We hold that the complaint, as amended, does state such a claim against the named personal defendants sufficient to give Wiltsie an opportunity to prove his allegations.
 
 
 16
 With regard to the allegations pertaining to the beating, this case is indistinguishable from Brown v. Brown, 9 Cir., 368 F.2d 992. This court there held that an inmate of San Quentin who alleged, in his complaint, that the agents of the Governor and the Warden "beat him and caused him various other deprivations of his civil rights" stated a cause of action under the Civil Rights Act, and that the action should therefore not have been dismissed. The court, in Brown, stated that it reached this conclusion notwithstanding the fact that such allegations tax a reader's credibility. Brown was cited with approval in Dodd v. Spokane County, Washington, 9 Cir., 393 F.2d 330, 334.
 
 
 17
 As additional precedent for our ruling, see United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267; United States v. Jackson, 8 Cir., 235 F.2d 925, 928-929; and United States v. Walker, 5 Cir., 216 F.2d 683. These three cases were civil rights criminal cases, whereas the case now before us is civil in nature. But the civil and criminal provisions of the Civil Rights Act are in "pari materia," meaning that they are meant to protect the same rights of the victim. See Baldwin v. Morgan, 5 Cir., 251 F.2d 780, 789.
 
 
 18
 The complaint, as amended, does not state a claim with regard to the alleged act of defendant R. O. Fehrenkamp in carrying Wiltsie's oil painting from his cell. A prisoner has no constitutional right to have a painting in his cell. The allegation that Fehrenkamp destroyed the painting after carrying it away, may not state a Civil Rights Act claim. However, since the cause must in any event be remanded for further proceedings, we prefer not to rule on this now. For the same reason we reserve the question as to whether the alleged withholding of medical care states a claim under the Civil Rights Act.
 
 
 19
 The action was also properly dismissed as to the fictitious defendants identified only as "Does," in the complaint as amended. Tolefree v. Ritz, 9 Cir., 382 F.2d 566, 567.
 
 
 20
 While Wiltsie also asks for release from custody, this remedy is not available under the Civil Rights Act.
 
 
 21
 The complaint does not state a damage claim against defendant California Department of Corrections. See Williford v. People of California, 9 Cir., 352 F.2d 474, 475. We need not now decide whether it states a claim for injunctive relief against that agency.
 
 
 22
 It must be clear from what is said above that the "facts" of this case to which we have been referring are simply those which have been alleged by Wiltsie and which are as yet unproved. We have accepted those allegations of fact as true only for the purpose of this appeal. At the trial the plaintiff will have the burden of proving allegations which state a claim for relief. In addition to contesting those issues of fact, defendants will have an opportunity to develop such other defenses as they may plead.
 
 
 23
 The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 [1]
 The provision of section 1915(d) for dismissal of a frivolous or malicious action actually contemplatessua sponte action by the district court before summons has issued, rather than action pursuant to a motion to dismiss.
 
 
 CHAMBERS, Circuit Judge (dissenting):
 
 24
 I do not believe that the Supreme Court has yet commanded us to go as far as the majority opinion goes in giving a prisoner the right to sue his keepers. Therefore, I dissent.