Herman **BROWN**, Appellant,

v.

Merle R. **SCHNECKLOTH**, Superintendent of California Conservation Center, et al., Appellees.

No. 24184.

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1970.

Rehearing Denied March 3, 1970.

Herman Brown, in pro per.

Marjory Winston Parker, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of California, Sacramento, Cal., for appellees.

Before CARTER and HUFSTEDLER, Circuit Judges, and PECKHAM,* District Judge.

PER CURIAM.

This is an appeal from an order of the district court dismissing appellant's complaint as frivolous and malicious under 28 U.S.C. § 1915(d). Appellant, a California state prisoner, claimed he was forced to stand outside the walls of the penal institution during working hours in inclement weather as punishment for his refusal to go out and work with his assigned crew. The complaint alleged cruel and unusual punishment and violation of the Civil Rights Act.

Appellant contends that the district court erred, as a matter of law, in dismissing his action pursuant to § 1915(d) since summons had already been issued and served upon appellees. He cites the footnote in Wiltsie v. California Dept. of Corrections (9 Cir. 1968), 406 F.2d 515, 517, reading, "The provisions of Section 1915(d) for dismissal of a frivolous or malicious action actually contemplates *sua sponte* action by the district court before summons has issued, rather than action pursuant to a motion to dismiss." The *Wiltsie* footnote is clearly dicta and is not controlling, since the dismissal there was for failure to state a claim.

On the contrary, "the preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S. C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915(d) if the course thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious." Stiltner v. Rhay (9 Cir. 1963), 322 F.2d 314, 317; Brown v. Brown (9 Cir. 1966), 368 F.2d

992, 993. Cf. Williams v. Field (9 Cir. 1968), 394 F.2d 329; Armstrong v. Brown (9 Cir. 1967), 387 F.2d 908.

The district court, in its memorandum and order, stated there was ample justification to treat and grant the motion to dismiss as motion for summary judgment but chose to follow the "preferable procedure" of dismissing under § 1915 (d). There were affidavits in the record showing that appellant was physically able to do his assigned work and that during the periods of punishment it was neither freezing or hailing. The appellee contends alternatively for affirmance of a summary judgment. In view of our disposition of the case we do not reach the question of a summary judgment.

Affirmed.