**Gary John SCHMITT, Plaintiff,**

v.

**Roger W. CRIST, William Schlie, Defendants.**

**No. 69–C–503.**

United States District Court,
E. D. Wisconsin.

Nov. 2, 1971.

Gary John Schmitt, pro se.

Robert Warren, Atty. Gen., of Wisconsin, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss this action which alleges a deprivation of the plaintiff's civil rights pursuant to 42 U.S.C. 1983. The plaintiff appears pro se and in forma pauperis. The defendant Roger W. Crist is described as the associate warden in charge of security at the prison; the defendant William Schlie is alleged to be a lieutenant at the prison.

The court established a briefing schedule in connection with the defendants' motion to dismiss. The defendants' brief was timely filed, but the plaintiff's answering brief, due August 27, 1971, has not been received. Therefore, the court will resolve the motion to dismiss without the benefit of plaintiff's brief.

A motion to dismiss a complaint may not be granted unless it clearly appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Edwards v. Duncan, 355 F.2d 993 (4th Cir. 1966).

The complaint alleges in paragraph six that during a prisoner sit-down strike on a warm summer day in 1969, all windows in the segregation building wherein the plaintiff was confined were closed and the water shut off. Shortly thereafter, those prisoners who had participated in the strike were brought to the segregation building and crowded into the cells. Allegedly, no food or drinking water was provided to the prisoners nor could the toilets be flushed. It is charged that these conditions continued for about four hours, after which the majority of the prisoners were removed.

The plaintiff further alleges that he was forced to go without bathing for a period of two weeks; placed in solitary confinement for six days; denied access to a toothbrush and soap; required to sleep on a filthy mattress without bedding; and placed on a restrictive diet of one meal per day for three days, after which his diet was further restricted to two slices of bread per day for an additional six days. This discipline was allegedly ordered by the defendant Crist.

Paragraph nine of the complaint also makes the following charges: on September 22, 1969, the defendant William Schlie ordered the plaintiff removed from his cell, stripped to his underwear, and chained to an iron bed; a leather strap was then secured around the body of the plaintiff in such a manner as to impair blood circulation; the lights were turned off, and a fan blew cold air on the body of the plaintiff; for two

days, no food or water was provided, nor was the plaintiff released from the bed to attend to natural body functions.

 There can be no question but that any system for maintenance of order in a prison must involve the imposition of sanctions for prisoner misconduct. Nevertheless, the eighth amendment guarantees a prisoner the right to be free from punishment which is cruel and unusual, and the prisoner may recover under 42 U.S.C. § 1983 from that prison official who has subjected or caused him to be subjected to such discipline. Cooper v. Pate, supra; Brown v. Brown, 368 F.2d 992 (9th Cir. 1966), cert. denied 385 U.S. 868, 87 S.Ct. 133, 17 L.Ed.2d 95 (1966); Nolan v. Scafati, 306 F.Supp. 1 (D.Mass.1969), vacated on other grounds 430 F.2d 548 (1st Cir. 1970).

The concept of cruel and unusual punishment does not lend itself to easy definition. Rather, it is one of potentially broad application and must be determined from all the circumstances in question. Hancock v. Avery, 301 F. Supp. 786 (M.D.Tenn.1969). In deciding whether punishment is cruel and unusual, the court should consider whether the discipline imposed bears a reasonable relation to the need of the prison authorities to maintain the order necessary to insure the safety of prison personnel, inmates, and facilities, together with the achievement of other legitimate penal objectives. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L. Ed. 793 (1910); Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Calif.1966).

Applying the foregoing standard to the claims alleged in Mr. Schmitt's complaint, it is difficult to conceive of a legitimate prison objective which requires that a prisoner be denied the use of soap, toothbrush, and clean bedding. Jordan v. Fitzharris, supra. Further, the chaining of a prisoner to a steel bed without food or water for a period of two days would appear to be the type of punishment proscribed by the eighth amendment. Therefore, the plaintiff is entitled to an opportunity to prove his claims.

The defendants urge dismissal of the complaint in that there are no allegations that they personally committed the alleged acts. This proposition is without merit. See Nesmith v. Alford, 318 F.2d 110, 119 (5th Cir. 1963), cert. denied sub nom. Sullivan v. Nesmith, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); Roberts v. Williams, 302 F. Supp. 972 (N.D.Miss.1969).

Therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is denied.