Robert F. DUGAN and Roxanna F. English, Plaintiffs-Appellants,

v.

Warden LUMPKIN, Officers Buckley and Bennett, Defendants-Appellees.

No. 78-3775.

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1979.

As Amended Dec. 6, 1979.

Judith S. Feigin, Asst. U. S. Atty., San Diego, Cal., for defendants-appellees.

Appeal from Southern District of California.

Before ELY, WRIGHT and WALLACE, Circuit Judges.

Upon due consideration, the motion to dismiss and the motion for appointment of counsel are denied.

While it is the "preferable procedure" for the district court to allow the appellants to file their complaint in forma pauperis and then to treat the case on the merits, *see Brown v. Schneckloth*, 421 F.2d 1402, 1403 (9th Cir.) (per curiam), *cert. denied*, 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970), we have not made that practice mandatory. As we stated in *Dawson v. Lynch*, 423 F.2d 1136, 1136 (9th Cir. 1970) (per curiam), in circumstances where the district court had followed *Brown*'s "preferable procedure":

> This circuit has made clear that "the preferable procedure," though not the mandatory procedure, for handling an in forma pauperis claim of dubious merit is that followed here by the district court.

We see no reason to reject that language and to make mandatory that which we have stated only to be preferable. Thus, based upon the record in this case, we will not upset the discretion of the district judge.

The district court's order of December 12, 1978 is hereby affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. As I see it, the majority, in order to reach its result, blithely disregards the teaching of our own court's prior decision in *Brown v. Schneckloth*, 421 F.2d 1402 (9th Cir. 1970), *cert. denied*, 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970). There, we held that

> the preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S.C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915(d) if the course [court] thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious.

*Id.* at 1403. *See also Stiltner v. Rhay*, 322 F.2d 314, 317 (9th Cir. 1963) and *Brown v. Brown*, 368 F.2d 992, 993 (9th Cir. 1966).

Unquestionably, there is a divergence of opinion as to whether leave to proceed *in forma pauperis* properly may be denied at the filing stage on the ground that the action is frivolous. *Sinwell v. Shapp*, 536 F.2d 15, 18–19 (3rd Cir. 1976) (*see* cases cited there). Nevertheless, the better reasoned cases cited in *Sinwell*, including our own decision in *Brown v. Schneckloth, supra*, follow the recommendations contained in the committee report submitted to the Federal Judicial Center entitled "Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts" (1975):

> The district court's decision whether to grant leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) should turn solely on the economic status of the petitioner. In those cases where leave is granted, the court should consider the separate question, under 28 U.S.C. § 1915(d), whether the complaint should be dismissed as "frivolous or malicious".

Report at pp. 31–32.

I think it wrong summarily to conclude, at least without setting forth detailed reasons why, that the action of Dugan and English is so patently frivolous as to justify an Order denying their requested leave to proceed *in forma pauperis*. Because no compelling reason has been offered to depart from our "preferable procedure" in the application of 28 U.S.C. § 1915, I would grant the motion for leave to proceed *in forma pauperis* and remand to the District Court for further proceedings. Thereafter, a dismissal under section 1915(d) might well be proper.[1]

---

1. It should be emphasized that the Criminal Justice Act is in no way involved in the present controversy.