**Vincent LONGO and Rose Longo, Plaintiffs,**

v.

**ALLIED VAN LINES, INC., and "John Doe," as driver, Defendants.**

**No. 83 CV 0646.**

United States District Court,
E.D. New York.

June 12, 1985.

Eugene Litman, New York City, for plaintiffs.

Gladstein & Isaac, New York City (Michael E. Stern, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This diversity action for personal injuries, loss of consortium, and property damage was removed to this Court from New York Supreme Court, Kings County. 28 U.S.C. § 1441(a). Plaintiffs, residents of New York, sued defendant, a foreign corporation, and its driver, for injuries suffered in an automobile accident in Gallup, New Mexico, on July 31, 1981.

Defendant Allied Van Lines has now moved for summary judgment, Fed.R.Civ.P. 56, claiming it did not own, operate or control the trailer that collided with plaintiffs' car. In the alternative, defendant seeks dismissal for plaintiffs' repetitive failures to comply with discovery orders. Fed.R.Civ.P. 37. Defendant-driver, "John Doe," has never even been identified, much less served with a summons and complaint. He is not a party to this motion. For the reasons developed below, the motion by Allied Van Lines for summary judgment is granted.

The undisputed material facts are as follows. Plaintiffs were injured on July 31, 1981 when their car, traveling in Gallup, New Mexico, was struck from behind and pushed off the road. A witness to the accident told plaintiffs that the trailer which struck their car bore Texas license plate number 19R 369. Plaintiffs' Answers to Interrogatories ¶ 60(b). A report dated December 17, 1981, from the Texas State Department of Highways and Public Transportation, discloses that from August 25, 1978 to the date of the report, the trailer was registered to Graebel/Lighting Movers, Inc., of Phoenix Arizona. Exhibit D to Affidavit of Michael E. Stern.

Defendant, a Delaware corporation with its principal place of business in Illinois, owns no stock of, and has no affiliation with Graebel/Lighting Movers. Defendant owns no trailers operated by or leased to Graebel/Lighting, and none of defendant's employees drives for Graebel/Lighting. Exhibit E (Affidavit of Robert J. Henry, Assistant Secretary, Allied Van Lines) to Affidavit of Michael E. Stern.

In opposition to the motion, plaintiffs state only that they "strenuously feel" that defendant was the owner and/or operator of the truck. And, notwithstanding their previous sworn statement that the license plate number was 19R 369, plaintiffs—confronted with the report from the Texas

Highway Department—now claim to be unsure of the plate number.

### Discussion

Nothing is more fundamental than the rule that the party resisting a properly supported summary judgment motion cannot rely upon bare assertions, or affidavits made upon "information and belief" or an "understanding." *See* Fed.R.Civ.P. 56(e); *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983); *Sames v. Gable,* 100 F.R.D. 749, 751 (E.D.Pa.1983). A wan hope that an issue of material fact may exist is insufficient to defeat a motion under Rule 56. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980); *Harlee v. Hagen,* 538 F.Supp. 389, 393 (E.D.N.Y.1982).

Plaintiffs' papers in opposition to the motion create no issue as to the ownership of the trailer that struck their car.[1] Their "strenuous belief" that an issue of fact exists is but an act of faith. The undisputed material facts disclose that defendant or its agent did not own, operate or control the trailer. Defendant had no relationship with the record owner of the trailer at the time of the accident—Graebel/Lighting Movers, Inc.—that could support the imposition of liability for the accident. It is obvious that plaintiffs simply sued the wrong party—and waited four years to remedy the defect.

For the foregoing reasons, defendant's motion for summary judgment is granted. There is thus no need to rule on defendant's motion to dismiss under Rule 37. The Clerk of the Court is hereby ORDERED to enter judgment for defendant Allied Van Lines and to dismiss plaintiffs' complaint as to this defendant.

Plaintiffs having failed to serve defendant "John Doe" with a summons and complaint within 120 days of the commencement of this action, it is hereby ORDERED that the complaint is dismissed as to this defendant without prejudice. Fed.R.Civ.P. 4(j).

SO ORDERED.

---

[1] This absence of evidence in opposition to the motion is hardly surprising. Plaintiffs have consistently failed to comply with discovery orders in this action, forcing defendant to move twice for sanctions or orders compelling discovery. Indeed, were summary judgment not so plainly appropriate here, the Court would be inclined to dismiss the action under Rule 37.