26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathan BURGESS, Plaintiff-Appellant,
v.
Deputy A. CRUZ, Defendant-Appellee.
 No. 93-16063.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathan Burgess appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Burgess filed this action against San Francisco Mayor Frank Jordan, Sheriff Michael Hennessey, Deputy Sheriff A. Cruz, the City and County of San Francisco (the "City"), and others,[1] alleging violations of his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 Burgess contends that the district court abused its discretion by sua sponte dismissing as frivolous (1) his original complaint as to Jordan, Hennessey, and the City, and (2) his amended complaint as to Deputy Sheriff Cruz.[2] We review for abuse of discretion a district court's dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where a litigant appears pro se, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 In his original complaint, Burgess alleged that his Eighth Amendment right to be free from cruel and unusual punishment was violated by an unnamed San Francisco Sheriff's Work Program ("SWP") deputy who wrongfully assigned him to heavy, street clean-up work despite the fact that he suffered from a back injury.[3] Burgess further alleged that his Eighth Amendment rights were violated by (1) Jordan and Hennessey, who allegedly failed to train their employees, and (2) the City, which allegedly had a policy or practice of allowing such constitutional violations.
 
 
 6
 After reviewing Burgess' original complaint, the district court dismissed as frivolous Burgess' claims against all defendants except the unnamed SWP deputy and granted leave to amend the complaint as to that defendant. Burgess amended his complaint, naming Cruz as the deputy. The district court then dismissed as frivolous Burgess' amended complaint against Cruz because Burgess had been switched from the SWP to home detention. The court concluded that Burgess could not "plead any set of facts which would establish that home detention is cruel and unusual punishment."
 
 
 7
 * Original Complaint
 
 
 8
 In his original complaint, Burgess did not allege nor can the facts be construed to allege that either Jordan or Hennessey as supervisors participated in or directed Cruz's alleged constitutional violations, or knew of the alleged violations and failed to act to prevent them. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Respondeat superior alone is not a sufficient basis for the liability of these officials under section 1983. See id.
 
 
 9
 Moreover, Burgess alleged that SWP officials recommended that Burgess be assigned to the "weed and seed program" as an alternative to hard, manual labor, and that although this recommendation for light work was noted in Burgess' record, it was not followed by Deputy Sheriff Cruz. These allegations support the notion that SWP employees were trained properly, and there is no indication that Cruz's failure to follow SWP officials' recommendation was due to his improper training or supervision. Thus, Burgess' allegations lack an arguable basis in law because they fail to give rise to any inference that Jordan and Hennessey improperly trained employees or failed to train or supervise Cruz. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir.1984).
 
 
 10
 As to the City, Burgess' complaint lacked an arguable basis in law. See Neitzke, 490 U.S. at 325. Burgess did not allege nor can the facts be construed to allege the existence of a policy officially promulgated or a custom informally sanctioned by City officers as to the assignment of SWP work in violation of a prisoner's Eighth Amendment right. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Ybarra, 723 F.2d at 681. Instead, Burgess alleged that Cruz alone, contrary to the recommendation of other SWP officials, assigned Burgess to heavy, manual labor. Moreover, respondeat superior is not a sufficient basis for imposing municipal liability under section 1983. See Monell, 436 U.S. at 691. Thus, the district court did not abuse its discretion by dismissing as frivolous Burgess' original complaint against Jordan, Hennessey, and the City. See Denton, 112 S.Ct. at 1734.
 
 II
 Amended Complaint
 
 11
 In his amended complaint, Burgess alleged that Cruz was deliberately indifferent to his serious medical needs and that this indifference constituted cruel and unusual punishment prohibited by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to medical needs can constitute the cruel and unusual punishment proscribed by the Eighth Amendment and be manifested by a guard's intentional delay of a prisoner's medical care or interference with a prisoner's prescribed medical treatment. See id. To determine deliberate indifference under the Eighth Amendment, district courts focus on two elements: "the seriousness of the prisoner's need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The more serious the prisoner's medical needs and the more unwarranted the defendant's actions in light of those needs, the more likely that the defendant acted with deliberate indifference. Id. at 1061.
 
 
 12
 Here, Burgess alleged that he suffered from a serious back injury and that Cruz failed to respond to his medical needs. Burgess further alleged that he advised Cruz of his back condition, that he gave Cruz a doctor's report stating that Burgess should avoid heavy lifting and bending and continuous standing, and that Cruz was aware that other SWP officials had recommended Burgess for light duty. Moreover, Burgess alleged that after Cruz assigned him to heavy labor for approximately twelve days, he suffered further damage to his back which caused him to seek additional medical treatment. Given the seriousness of Burgess' alleged medical condition and the allegations that Cruz interfered with Burgess' prescribed treatment, we conclude that Burgess had an arguable basis in law and in fact for a claim against Cruz under the Eighth Amendment. See Estelle, 429 U.S. at 104-05.
 
 
 13
 In light of these allegations, we are unable to conclude that Burgess' claims against Cruz lack an arguable basis in law or in fact. See Neitzke, 490 U.S. at 325. Thus, Burgess' section 1983 action against Cruz for damages should not have been dismissed as frivolous.[4]
 
 
 14
 In conclusion, we affirm the district court's dismissal as frivolous of Burgess' claims against Jordan, Hennessey, and the City. We reverse and remand as to Burgess' claim against Cruz for damages because we find that the claim had an arguable basis in law and in fact.
 
 
 15
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burgess has not raised any issue on appeal as to the dismissal of the other defendants. Thus, we consider only whether the district court abused its discretion by dismissing Burgess' claims against Cruz, Jordan, Hennessey, and the City. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydroelec, 854 F.2d 1538, 1547-48 (9th Cir.1988) (per curiam) (issues not raised in appellant's opening brief are deemed waived)
 
 
 [2]
 Generally, a district court's dismissal of an action as frivolous under section 1915(d) occurs before issuance and service of process, saving defendants the time and expense of responding to a frivolous complaint. See, e.g., Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Franklin v. Murphy, 745 F.2d 1221, 1225-26 (9th Cir.1984). A district court, however, may dismiss an action as frivolous even where, as here, the plaintiff already has served his complaint on defendants. See Brown v. Schneckloth, 421 F.2d 1402, 1403 (9th Cir.) (per curiam), cert. denied, 400 U.S. 847 (1970)
 
 
 [3]
 Burgess was convicted of a state child-abuse offense and sentenced to 240 hours of work in the SWP
 
 
 [4]
 Nevertheless, because Burgess was switched from the SWP to home detention, his claims for declaratory and injunctive relief against Cruz are moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam)