26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom SKELLY, Plaintiff-Appellant,
v.
Sara HEIDEMANN (f/k/a Skelly); Denise Read, Dep. Pros.
Attorney; Kim Schnvelle, Dep. Pros. Attorney; Carlos Y.
Velategui, Family Court Commissioner; T. Baker, Support
Enf. Officer; King County, Wa, Defendants-Appellees.
 No. 93-36085.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tom Skelly appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Skelly filed this action against his ex-wife and her attorney, a county prosecutor, a family-court commissioner, a support-enforcement officer, and King County. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Skelly contends that the district court erred by adopting a magistrate's recommendation that Skelly's action be dismissed on frivolousness grounds.[1] We review for abuse of discretion a district court's sua sponte dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where a litigant appears pro se, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 In his complaint, Skelly alleged that Wash.Rev.Code Sec. 26.18.050(4) violates the Thirteenth Amendment's prohibition against involuntary servitude and the Anti-Peonage Act, 42 U.S.C. Sec. 1994, because it provides that an obligor who fails to pay child support may be held in civil contempt unless he shows that he is seeking employment. Skelly further alleged that the defendants violated his civil rights by using this unconstitutional statute to initiate contempt proceedings against him for the non-payment of child support and thus, coercing his employment and making him "a PEON in the liquidation of a debt or obligation, or otherwise."
 
 
 6
 After reviewing Skelly's complaint, we conclude that the district court did not abuse its discretion by dismissing Skelly's action as frivolous. See Neitzke, 490 U.S. at 325. First, Skelly does not allege nor can the facts be construed to allege a violation of the Thirteenth Amendment or the Anti-Peonage Act based on Wash.Rev.Code Sec. 26.18.050(4). "[T]the term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat ... of coercion through law or the legal process." United States v. Kozminski, 487 U.S. 931, 952 (1988); see also Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990) (state work program encouraged employment and did not violate the Thirteenth Amendment because person had alternative to performing the labor). Here, Washington's statute requires only that an obligor show that he "exercised due diligence in seeking employment, in conserving assets, or otherwise in rendering himself ... able to comply with the court's order." See Wash.Rev.Code Sec. 26.18.050(4). There is no requirement that the obligor work. Because the statute itself does not violate the prohibition against involuntary servitude, the defendants' initiation of civil contempt proceedings under this statute could not have coerced Skelly's employment in violation of his constitutional rights. See Kozminski, 487 U.S. at 952.
 
 
 7
 Second, Skelly did not allege nor can the facts be construed to allege that Washington's statute is unconstitutional because it requires obligors to show why they are in non-compliance with a child support order or be held in civil contempt. The Supreme Court has upheld the constitutionality of state statutes requiring that obligors show their inability to comply with court ordered child support payments to avoid being held in civil contempt. See Hicks ex. rel. Feiock v. Feiock, 485 U.S. 624, 637-38 (1988). Thus, Skelly's claim that the defendants violated his constitutional rights by their reliance on this state statutory scheme involving civil contempt proceedings lacks an arguable basis in law and in fact. See Neitzke, 490 U.S. at 325.
 
 
 8
 Based on Skelly's allegations, the district court did not abuse its discretion by dismissing Skelly's action as frivolous under section 1915(d). See Denton, 112 S.Ct. at 1734. Accordingly, the district court's decision is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Generally, a district court's dismissal of an action as frivolous under section 1915(d) occurs before issuance and service of process, saving defendants the time and expense of responding to a frivolous complaint. See, e.g., Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Franklin v. Murphy, 745 F.2d 1221, 1225-26 (9th Cir.1984). A district court, however, may dismiss an action as frivolous even where, as here, the plaintiff already has served his complaint on defendants. See Brown v. Schneckloth, 421 F.2d 1402, 1403 (9th Cir.) (per curiam), cert. denied, 400 U.S. 847 (1970)