**Alfredo AVILES, Plaintiff,**

v.

**VILLAGE OF BEDFORD PARK and
John Does one through six,
individually, Defendants.**

**No. 94 C 4694.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 22, 1995.

**566**

Michael Lee Maduff, Law Offices of Michael L. Maduff, Joseph Reed Millsaps, Karen Lynn Black, Maduff & Millsaps, Chicago, IL, for plaintiff.

Steven M. Puiszis, David M. Jenkins, Hinshaw & Culbertson, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Alfredo Aviles brings this two-count complaint against various unidentified police officers ("John Does One through Six") and the Village of Bedford Park, alleging violations of the Fourth Amendment and state law battery. Presently before the court is defendant Village of Bedford Park's motion to dismiss the complaint for lack of subject matter jurisdiction, or alternatively, to dismiss Count I for failure to timely serve and to decline supplemental jurisdiction over Count II. For the reasons set forth below, defendant's motion is denied.

## I. Background

Plaintiff Alfredo Aviles alleges that on May 26, 1994, at approximately 3:00 p.m., he was sitting in his car near the border of the City of Chicago and the Village of Bedford Park ("the Village"). According to the complaint, six Village police officers came over to his car and told him to get out. After he complied with this request, one or more of the officers grabbed his arm, twisted it high behind his back, and pinned him against his car. Aviles alleges that the officers then began searching his car, including the locked trunk. During this search, which lasted approximately ten to fifteen minutes, Aviles remained pinned to the car and was subjected to harassment by the officers. After the officers completed the search of Aviles' car, they told him to leave. He proceeded to St. Anthony's Hospital, where he was treated for a severely sprained arm. Aviles subsequently filed the present lawsuit, alleging that the conduct of the officers violated the Fourth Amendment.

## II. Discussion

■ The Village first moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. At bottom, the Village maintains that this court has no jurisdiction over Count I of the complaint, which is grounded in 42 U.S.C. § 1983, because the only defendants at whom that count is directed are "John Does."[1] And without jurisdiction over Count I, the Village asserts, we cannot exercise supplemental jurisdiction over Count II (battery), the only count directed at the Village. While we have no quarrel with the latter assertion, see 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), we disagree with

---

1. The Village does not assert that the allegations of Count I are insubstantial or utterly devoid of merit, thus warranting dismissal of the complaint for lack of subject matter jurisdiction under *Ha-* *gans v. Lavine*, 415 U.S. 528, 536–43, 94 S.Ct. 1372, 1378–82, 39 L.Ed.2d 577 (1974). Instead, they merely challenge the inclusion of unidentified defendants in the sole federal count.

the former. It is true that filing a complaint against an unnamed party is viewed with disfavor. *See Strauss v. City of Chicago,* 760 F.2d 765, 770 n. 6 (7th Cir.1985). However, it is also well established that "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980) (cited by *Strauss*). In such situations, it is commonplace to allow the action to proceed against the unnamed defendants until the plaintiff can learn the defendants' identity through discovery. *See Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir.1980).

█ The Village argues, however, that this rule should not apply when the *only* defendants listed in the federal claim are John Does. However, it cites no valid authority for this broad proposition.[2] On the contrary, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court allowed a federal civil rights case to proceed, notwithstanding the fact that it had originally been filed solely against unidentified individuals. The Village's only response to this compelling authority is that the Supreme Court "was never confronted with the issue." Def.'s Reply Mem. at 3. However, it is axiomatic that federal courts "are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990). Accordingly, we can assume that the Supreme Court, in hearing *Bivens* concluded that a complaint is not jurisdictionally infirm merely because it is initially directed only against unidentified defendants. We are compelled to agree, and therefore deny defendant's motion to dismiss for lack of subject matter jurisdiction.

█ The Village further asserts that Count I should be dismissed pursuant to Fed.R.Civ.P. 4(m). That rule provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time
>
> . . . .

Fed.R.Civ.P. 4(m). Although well over 120 days have passed since Aviles filed his complaint, he has yet to identify and serve the "John Doe" defendants.[3] Aviles appears to believe that he has an unlimited amount of time to complete this task; he asserts that when he identifies the officers, he will amend his complaint to name them, and have 120 days from the filing of the amended complaint to serve these "new" defendants. This contention, however, has been implicitly rejected by the Seventh Circuit, *see Williams v. Leach,* 938 F.2d 769, 770 n. 1 (7th Cir. 1991), as well as by district courts across the country. *See, e.g., Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 998 (E.D.N.Y.1995); *Mercado v. Betancourt Y Lebron,* Civ. No. 91–2323, 1993 WL 54419, at *6 (D.P.R. Jan. 4, 1993); *Brown v. Wilson,* No. 89 C 2387, 1991 WL 274922, at *4 (N.D.Ill. Dec. 17, 1991) (construing *Williams* as requiring that John Doe defendants be identified and served within 120 days of filing); *Longo v. Allied Van Lines, Inc.,* 610 F.Supp. 270, 271 (E.D.N.Y.1985). These authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action against them.[4]

█ We are therefore sympathetic to the Village's argument. It is involved in a law-

---

2. The Village cites *Wiltsie v. California Dep't of Corrections,* 406 F.2d 515, 518 (9th Cir.1968) in support of its assertion that "[c]laims against 'John Doe' defendants fail to state a colorable claim and are normally disregarded or ultimately dismissed." Def.'s Mem.Supp. at 3. However, this proposition, and *Wiltsie* itself, were expressly rejected by the Seventh Circuit in *Maclin,* 627 F.2d at 87.

3. The Village was served within the requisite 120 day period.

4. We note that Aviles has cited no authority which directly supports his position regarding the time limit (or lack thereof) for identifying and serving John Doe defendants.

suit in federal court solely because of federal claims against defendants who have yet to be identified, much less served. In addition, it appears undisputed that Aviles made no effort to discover the identities of the individual defendants until after the Village filed the present motion to dismiss, a lack of diligence we find troubling. At the same time, Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding. See *Gillespie*, 629 F.2d at 643 (court abused its discretion in dismissing complaint when interrogatories regarding John Doe officers' identities were outstanding). And although we could dismiss Count I for failure to comply with Rule 4(m), any such dismissal would be without prejudice, and thus subject to reinstatement if and when the identities were discovered. In light of these competing factors, we deny defendant's motion to dismiss for failure to comply with Rule 4(m), but direct Aviles to identify and serve the John Doe defendants by May 1, 1995. Failure to do so will result in dismissal of the remaining unidentified defendants, subject to the limitations of Rule 4(m).[5]

### III.  Conclusion

For the reasons set forth above, defendant Village of Bedford Park's motion to dismiss is denied. Plaintiff Alfredo Aviles is to identify and serve the "John Doe" defendants on or before May 1, 1995. The status hearing of February 24, 1995, is vacated and rescheduled for May 16, 1995, at 10:00 a.m. It is so ordered.

---

**5.** The Village's final argument in support of its motion to dismiss is that this case presents exceptional circumstances, and that we should therefore decline to exercise supplemental jurisdiction over Count II. See 28 U.S.C. § 1367(c)(4). We initially note that § 1983 actions are routinely joined with state law claims arising out of the same facts. See *Wilson v.* *Garcia*, 471 U.S. 261, 285, 105 S.Ct. 1938, 1951, 85 L.Ed.2d 254 (1985) (O'Connor, J., dissenting). In that sense, then, the present action is anything but "exceptional." To the extent that the Village is merely rehashing its earlier arguments under a different rubric, they are rejected for the reasons discussed above.