**Eldon L. YOCUM, Plaintiff,**

v.

**Alan J. DIXON, Larry Lessen, Michael M. Mihm, Waldo Ackerman, Defendants.**

No. 89–3228.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 26, 1990.

Eldon L. Yocum, Springfield, Mo., pro se.

## OPINION

RICHARD MILLS, District Judge:

We deal here with a seemingly inexhaustible filing of paltry and trifling *pro se* claims.

This case illustrates the problem confronting a district court when a prisoner has too much free time and chooses to fill that time by inundating the Court with frivolous *pro se* pleadings and motions.

Eldon L. Yocum is currently imprisoned at the Federal Correctional Center in Springfield, Missouri. On March 27, 1989, Yocum filed a complaint in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights).

In the caption of the complaint, Yocum names United States Senator Alan J. Dixon, and Judges Harold A. Baker, Michael M. Mihm, J. Waldo Ackerman, and Larry Lessen. Judges Baker and Mihm are currently district judges for the Central District of Illinois. Judge Ackerman was also at one time a judge in the Central District of Illinois but passed away in 1984. Judge Lessen is currently a bankruptcy judge in the Central District of Illinois.

One month after it was filed in the District of Columbia, Judge Gesell ordered the case transferred to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses. Judge Gesell noted that the events underlying the complaint took place in the Central District of Illinois and most of the Defendants reside in this district.

Through a clerical error the case was transferred to the Northern District of Illinois and came before Judge Zagel. While the file sat in the Northern District, an order of default was routinely entered on August 18, 1989. When this error was discovered, Judge Zagel vacated the order of default and transferred the case to this Court on September 21, 1989. Judge Zagel apparently chose the Springfield Division because this is the only court not named as a Defendant by Yocum.

To say that the complaint is not a model of the clear, unambiguous notice pleading required by federal courts is an understatement. Despite our efforts to decipher what Yocum alleges, all we can tell from his complaint is that he was convicted of some crime by Judge Mihm, is presently incarcerated in the Federal Correctional Center in Springfield, Missouri, is unhappy with his present situation, and wishes to be released from prison.

To provide an example of the flavor of Yocum's complaint, we quote a portion of it:

> In or about May of 1973, Champaign County Court charged Mr. Yocum in Case No. 73X750. In June of 1973, Judge Robert James Steigmann called a meeting for Mr. Yocum, wife, and attorney Bert Reeves to be in the Jury Room in the Court House. Steigmann had two Law Students with him as witnesses. All (6) persons were close to the end of the table where each would be able to hear what Steigmann had to say. Steigmann stated to Mr. Yocum: Just lisson [sic], and I will talk of what is to take place, "IF YOU DON'T DROP YOUR JURY TRIAL DEMANDS, I WILL SEE THAT YOU DIE IN PRISON."

\* \* \* \* \* \*

> Mr. Yocum was forced into court without any Due Process, or defense of any type. He was given 2 to 6 years for a CRIME THAT NEVER TOOK PLACE, AND WOULD NEVER BEEN BEEN [sic] PROVED IN COURT BY VALID EVIDENCE, AND THAT WAS THE REASON STEIGMANN WANTED TO CONVICT AS MANY AS POSSIBLE, AS HE WAS UP TO BE JUDGE IN A FEW WEEKS. The Court Records are EVIDENCE THAT THE THREAT WAS MADE OM [sic] YOCUM, AND STEIGMANN DID ADMIT HE MADE THE THREAT, AND THE WITNESSES DID LIE IN AN AFFIDAVIT, AND UNDER OATH BEFORE JUDGE, ROGER LITTLE. The EVIDENCE is Clear that Alan J. Dixon was the RINGLEADER OF ORGANIZED CRIME IN ILLINOIS, .... In 1979 ALAN J. DIXON made an affidavit to the Springfield, MO USDC court to TRY AND HAVE YOCUM MURDERED BY DRUGS IN THE USFMC PRISON.

\* \* \* \* \* \*

> Alan J. Dixon has used the Courts of Illinois, City Police, his Illinois State Police and lawyers to do his dirty tricks, as if he had the BOOK of DIRTY TRICKS BY THE CIA & FBI, to use. Every time Yocum tried to CLEAR UP THE GOVERNMENT FRAUD AGAINST HIM, The law officials would kidnapp [sic] him and pick new charges to attempt to put him away, so they would not be investigated for such felony acts the Records show them guilty of.

\* \* \* \* \* \*

The arrest, in fact, was KIDNAPPING. IT WAS TERRORISM FROM 1982 in Nov. until March 1989.

Standing alone, this portion of the complaint (which is the majority) amply illustrates the enormous problems created for this Court by individuals such as Yocum. However, this is only the beginning of the story. Yocum has continued to file numerous motions and petitions with this Court which we will turn to in due course. But before addressing these other submissions, we will deal with the complaint filed in this cause.

We have thoroughly examined the record and read the submissions filed by Yocum giving him the full benefit of the doubt as is proper with a *pro se* litigant. *See Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Abdul-Wadwood v. Duckworth,* 860 F.2d 280, 287 (7th Cir.1988). Despite our efforts to decipher what Yocum alleges, there appear to be several insurmountable barriers in his path to recovery.

## I

■ The first barrier that Yocum is unable to overcome is that he is attempting to bring a section 1983 action against federal officials. Section 1983 clearly provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, *of any state or territory* or the District of Columbia ..." deprives an individual of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983 (emphasis added). Federal officials, who are not acting in concert with state agents, are not considered to be state actors for the purpose of section 1983 and thus are not acting under color of state law. *See Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).

■ The second insurmountable barrier in Yocum's path is the doctrine of judicial immunity which has been recognized for over 100 years. *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872). "Few doctrines were more solubly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction...." *Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* at 554, 87 S.Ct. at 1218 (quoting *Scott v. Stansfield,* L.R. 3 Ex. 220, 223 (1868)). Judges Baker, Mihm, Ackerman, and Lessen are therefore clearly immune from liability under section 1983 for any action within the sphere of their offices.

■ The third reason Yocum's complaint must be dismissed is that the judges named as Defendants in the caption of the complaint are not even named in the body of the complaint. After thoroughly examining the complaint, the only comprehensible assertion against any of the named Defendants is an allegation that Senator Dixon was the "ringleader of all organized crime in the State of Illinois." A naked allegation such as this falls far short of even the liberal notice pleading accepted by the federal courts. Therefore, on this Court's own motion we will dismiss Yocum's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action.

## II

The next document filed by Yocum is a motion for an injunction or a restraining order which was filed on July 28, 1989, with the Northern District of Illinois. Specifically, Yocum asks that we "order the U.S. Western District to file an affidavit as to jurisdiction." Yocum further "claims that the Illinois court, and the Missouri court absconded his rights for justice, for lack of authority and without criminal evidence." Yocum also alleges that "no probable cause existed for his conviction and that the arrest warrant was barred by the

United States Constitution and hearsay rules of evidence." Several of these grounds are patently meritless and the remaining grounds are properly addressed to the sentencing judge in a petition for habeas corpus pursuant to 28 U.S.C. § 2255 (Yocum has filed several of these petitions as well). Therefore, Yocum's motion for an injunction or restraining order will be denied.

### III

Yocum has also filed two motions entitled "motion for hearing on Eldon Lowell Yocum's claim of federal agents misconduct and for appointment of Gerard Lynch, professor (criminal law at Columbia University's Law School who is regarded as a RICO expert, for plaintiff's claim.)" These motions reflect that they were filed by counsel Thomas H. Koones, P.O.A. on behalf of Yocum. However, Koones did not sign either of these motions. We suspect that Koones is not actually an attorney at law but most likely is another resident of the mental health unit at Springfield, Missouri. In support of these motions, Yocum once again alleges that federal officials engaged in misconduct such as making false statements, conspiracy, felony perjury, and mob action to convict him in prior criminal cases. Once again, these motions fail to state a claim upon which relief can be granted and will be denied.

### IV

On September 7, 1989, Yocum filed yet another motion. This time, the motion was captioned "Motion to compel Greylord to investigate all defendants herein named or with abettors." This motion is apparently brought pursuant to 28 U.S.C. § 1361 which empowers district courts to grant writs of mandamus. Apparently, Yocum wants this Court to grant mandamus and order the investigators involved in the "Operation Greylord" investigation in Chicago to investigate Senator Dixon and the federal judges named as Defendants in Yocum's section 1983 complaint. This motion reads, in its entirety, "Defendants must be investigated, as the check and Balance must document the RICO conduct, and Court of Appeals Judge Wm Bauer is the whip, and has a duty to also investigate Judge Michael M. Mihm, Alan J. Dixon with all other defendants guilty of terrorism violations." Once again, this appears to be little more than the disturbed ramblings of an individual who is badly in need of professional psychiatric help. This motion will also be denied.

### V

Yocum has also filed two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. A petition for a writ of habeas corpus under this section is intended to provide relief for a person who is in custody pursuant to the judgment of a state court when that judgment is in violation of the Constitution or laws of the United States. In his first petition for a writ of habeas corpus under section 2254, Yocum attacks his January 1974 conviction by the Champaign County Circuit Court. Yocum states that the offense for which he was convicted was "incest with a 16 year old girl." Yocum further indicates that the length of his sentence was 2 to 6 years' imprisonment. In his second petition for a writ of habeas corpus pursuant to section 2254, Yocum attacks his conviction by Judge Mihm in federal district court for the offense of collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894. This conviction was entered on March 22, 1984, and Yocum was sentenced to a period of imprisonment of 9 years according to his petition.

We have thoroughly reviewed both of these petitions filed by Yocum and, pursuant to Rule 4 of the rules governing habeas corpus petitions filed under section 2254, have determined that from the face of the petitions it plainly appears that Petitioner is not entitled to relief in this Court. Therefore, we will dismiss these petitions without requiring the Government to answer.

■ This Court has recently been criticized by the Seventh Circuit Court of Appeals for summarily dismissing frivolous petitions for writs of habeas corpus under

section 2254. *Russell v. Lane,* 890 F.2d 947 (7th Cir.1989) (Posner, J.). In the *Russell* case, this Court summarily dismissed 4 out of 6 grounds raised by Russell in support of his petition for a writ of habeas corpus pursuant to section 2254. Upon discovering that this Court had been a member of the Illinois Appellate Court panel which affirmed Russell's state court conviction, Russell's remaining two claims were transferred to Judge Mihm of the Peoria Division. Judge Mihm thereafter dismissed both of the remaining claims. Upon appeal, the Seventh Circuit remanded the case to Judge Mihm stating that this Court "spent so little time considering" the four claims it summarily dismissed that there would be little if any wasted effort by allowing Judge Mihm to revisit those four claims. While this Court certainly agrees that summary dismissal is only to be used when it is plain that the claims raised by the Petitioner are groundless, a district court should not be hesitant in dismissing frivolous claims. It serves no purpose whatever to require the Government to respond to claims and allegations upon which a petitioner has absolutely no hope of prevailing.

■ The petitions filed in the instant case provide an excellent example. In his first petition pursuant to section 2254, Yocum indicates that the date of his conviction was 1974 and that the maximum amount of time that he possibly could have served was six years. Furthermore, Yocum is presently incarcerated in the Federal Correctional Center in Springfield, Missouri. Therefore, he is clearly not "in custody" at the present time pursuant to a judgment of a state court and cannot bring a petition for a writ of habeas corpus under section 2254 for relief. *See Escobedo v. Estelle,* 655 F.2d 613 (5th Cir.1981). Therefore, we are certain that Yocum could prove no set of facts under this petition which would entitle him to relief and will summarily dismiss it without requiring the Government to respond.

In his second petition for a writ of habeas corpus under section 2254, Yocum does not even attack a judgment of conviction by a state court. Rather, he is attacking his conviction in the federal district court presided over by Judge Mihm. While Yocum is currently "in custody" pursuant to this judgment, it is not a judgment by a state court and therefore Yocum cannot bring a petition for writ of habeas corpus under section 2254 for relief. Yocum's sole remedy to attack this conviction at this time is a petition for a writ of habeas corpus under 28 U.S.C. § 2255 which is properly addressed to the sentencing judge. Yocum has filed several of these petitions and they will be transferred to the United States District Court for the Central District of Illinois, Peoria Division, where Yocum was sentenced. Thus, we can also dismiss Yocum's second petition for a writ of habeas corpus pursuant to section 2254.

### VI

Yocum has also filed a motion to compel transfer pursuant to 28 U.S.C. §§ 1361, 1404(a). This motion was captioned with the United States Supreme Court and addressed to Justice Blackmun. In this motion, Yocum states that "plaintiff, being documented as 100% innocent, moves this court of jurisdiction to order the Vermilion County Circuit Court to transfer the case in 1959 to this court to set aside that case against James E. Burke and Eldon L. Yocum, as Thomas Melton Sandy made a plea of guilty of having committed all three crimes, and no other person did them." This motion was originally docketed by the Clerk of the United States Supreme Court and then transferred to the Clerk's Office for the Central District of Illinois. From the motion, we are unable to determine exactly what case in Vermilion County Circuit Court Yocum wishes transferred and are doubtful of our ability to order a case transferred from the state court to federal court. This motion will also be denied at this time.

### VII

The last motion that we will address at this time is a motion by Yocum pursuant to 28 U.S.C. § 1361 for a writ of mandamus ordering the Clerk of Court to provide him

with undisclosed evidence relating to his federal criminal case. In support of this motion, Yocum asserts that he contacted Attorney F. Lee Bailey who refused a $1 million fee to take his case but allegedly provided him with some advice as to how to proceed. Because Yocum has made no showing whatsoever that the Clerk of this Court has failed to comply with his duties in any manner, this motion will be denied.

### VIII

Yocum has also filed four petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2255. Section 2255 provides a remedy whereby a person in custody under a sentence of a federal court may attack his conviction on the grounds that it is unconstitutional, was imposed by a court without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law. Such a petition is properly addressed to the court which sentenced the Petitioner and thus these four petitions will be transferred to the United States District Court for the Central District of Illinois, Peoria Division, where Petitioner was sentenced.

### *Orders*

■ Yocum's litigious behavior is well known to this Court. On May 25, 1988, Judge Mihm entered an order directing Yocum to seek leave of Court prior to filing any further pleadings or motions. In view of Yocum's continuing abuse of the system, and the enormous amount of work created for the Court's staff and Clerk's office in having to deal with such ridiculous allegations, we also will enter such an order. *See In re McDonald,* — U.S. ——, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).

*Ergo,* for all of the foregoing reasons, it is hereby ORDERED that:

The complaint filed in this cause (d/e 3) is DISMISSED with prejudice.

The motions for a hearing on claims of federal agents misconduct (d/e 5, 8) are DENIED.

The motion for an injunction or a restraining order (d/e 7) is DENIED.

The motion to compel Greylord to investigate the Defendants named in the complaint (d/e 13) is DENIED.

The petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254 (d/e 16, 24) are DISMISSED.

The motion for a writ of mandamus (d/e 25) is DENIED.

The petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2255 (d/e 20, 26, 28, 29) are TRANSFERRED to the United States District Court for the Central District of Illinois, Peoria Division, which is the court that sentenced Petitioner.

It is further ORDERED that Yocum obtain leave of Court prior to filing any further pleadings or motions. The Clerk is directed not to file any documents submitted by Yocum unless he has obtained leave of Court prior to submitting the document for filing.

Case CLOSED.