Daniel Reyes CARRASCO, Plaintiff,

v.

U.S. GOVT. JUSTICE DEPT. STRIKE FORCE, Defendant.

No. 92 C 3160.

United States District Court, N.D. Illinois, E.D.

May 18, 1992.

---

**604**

Daniel Reyes Carrasco, pro se.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

Daniel Reyes Carrasco has just tendered a self-prepared Complaint naming as defendant the "U.S. Govt. Justice Dept. Strike Force." That Complaint is accompanied by an application to proceed in forma pauperis and a motion for appointment of counsel. For the reasons stated in this memorandum opinion and order, the motion for leave to proceed in forma pauperis is denied and both the Complaint and this action are dismissed (thus rendering the motion for appointment of counsel· moot).

■ To avoid any possible mischaracterization, the Complaint's allegations are quoted verbatim and set out in full here:

I accuse the U.S. govt. of invading my former home of 1309 W. 114th Cleve., Ohio, 44106 and through acquaintances of mine, had me sedated & taken somewhere in my sleep and performed surgery on my skull through laser type I guess, and placed with ultra sensitive type of monitoring equiptment i.e., ear microphone and brain vision recording of the dream analysis type and radar type for access to all Law enforcement agencies and Federal Intelligence agencies. Through a U.S. Senator, now Mayor of Cleveland Michael Whate (U.S. JUSTICE DEPT. STRIKE FORCE) after I guess wiretapping my premises after he found out the local authorities had a case

against me through Chicago P.D. & Cleveland P.D. and I guess came to the assumption I was w/org. crime and past Puerto Rican terrorist groups. after which they discovered to be false and they gave me national exposure and explotation and made me an experiment type of sex therapy subject while in a sleep state and after approved SSI disability was insisted that I work through case workers in SSI offices because of knowledge of my crimes as an adolescent for which I tried to work not knowing in time that I really am not all together mentally healthy to work in public, the authorities in every state I've been have tormented me in my sleep through homosexual men placed in my quarters and allowed to enter my premises through pre planned or ready made hidden entrances. I demand that the authorities never have access to my person again.

Those allegations, even when construed generously in plaintiff's favor (see *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) and *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)), fail to provide plaintiff with a ticket of entry to this federal court.

■ If the Complaint were to be viewed as it actually reads—that is, as brought against the United States itself or against an agency of the United States—it would perforce have to be dismissed because of the government's sovereign immunity. There has been no compliance on plaintiff's part with the Federal Tort Claims Act, under which the United States has granted a limited and conditional consent to being sued.

Because of plaintiff's pro se status, this Court is willing to stretch matters to treat the Complaint as if it were a claim advanced against unidentified *individual* agents of the Department of Justice—the kind of liberal reading that is suggested by *Haines*.[1] That kind of viable or even colorable complaint (as this one is not) might then fit into the type of action recognized

---

1. Such a reading seems called for not only because of the teaching of *Haines* but also because plaintiff could readily amend the present Complaint to that effect.

in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). But in that respect plaintiff is defeated entirely by this month's decision of the Supreme Court in *Denton v. Hernandez*, — U.S. —, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). In material part, *Denton, id.* at —, —, 112 S.Ct. at 1733, might well have been written for this case:

> In so holding [in *Neitzke v. Williams*, 490 U.S. 319 [109 S.Ct. 1827, 104 L.Ed.2d 338] (1989)], we observed that the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.,* at 327 [109 S.Ct. at 1833]. "Examples of the later class," we said, "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.,* at 328 [109 S.Ct. at 1833].
>
> \* \* \* \* \* \*
>
> As we stated in *Neitzke*, a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327 [109 S.Ct. at 1833], a category encompassing allegations that are "fanciful," *id.,* at 325 [109 S.Ct. at 1831], "fantastic," *id.,* at 328 [109 S.Ct. at 1833], and "delusional," *ibid.* As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

On the strength of *Denton* and its reaffirmation of those quoted portions of *Neitzke*, this Court is clearly entitled to deny leave to file in forma pauperis and to dismiss the Complaint in this action, and it does so.

But as *Denton*, — U.S. at —, 112 S.Ct. at 1734 goes on to say, this dismissal "is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute," so that "the dismissal does not prejudice the filing of a paid complaint making the same allegations." Accordingly this Court does not now rule on whether the repetition of the same allegations in a paid complaint would suffer the same fate as and when the issue of sufficiency of those allegations might come before the court.