21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 n the Matter of Daryl A. SCHULTZ and Norita J. Schultz,
Debtors/Appellants.
 Nos. 93-2149 to 93-2151.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided April 11, 1994.
Rehearing Denied April 28, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In this consolidated appeal, Daryl Schultz and Norita Schultz ("the Schultzes") appeal three orders by the district court, acting as the appellate court to the bankruptcy court, concerning the sale of items from the Schultzes' bankruptcy estate.
 
 
 2
 The bankruptcy court authorized the Trustee, over the objection of the Schultzes, to sell certain personal property of the Schultzes at a public auction on Tuesday, October 27, 1992. The Schultzes appealed that order to the district court, and on Friday, October 23, 1992, the Schultzes filed a motion which the bankruptcy court construed as a motion for a stay. Unable to hold a hearing before the sale and recognizing that resolution of the issue after the sale would render the Schultzes' claims moot, the bankruptcy court declared that it would temporarily grant the motion to stay, provided the Schultzes post a bond for the amount anticipated to be incurred by the Trustee if the sale did not occur. See Bankruptcy Rule 8005; Fed.R.Civ.P. 62(d). The Schultzes did not post the bond, and the auction took place as planned. The district court dismissed as moot both the order for the sale and the refusal to grant the stay without a bond.
 
 
 3
 The bankruptcy court's order authorizing the sale was a final order appealable to the district court under 28 U.S.C. Sec. 158(a). In re Sax, 796 F.2d 994, 996 (7th Cir.1986). Therefore the district court order is appealable to this court pursuant to 28 U.S.C. Sec. 158(d). We also have jurisdiction over the order concerning the stay of the sale pending appeal. The district court's order dismissing the appeal of the order denying the stay was an interlocutory order under 28 U.S.C. Sec. 1292. See Connecticut Nat'l Bank v. Germain, 112 S.Ct. 1146 (1992). However, as the district court found, both the appeal of the order authorizing the sale and the appeal denying the sale became moot once the sale occurred. Matter of Yonikus, 974 F.2d 901 (7th Cir.1991); Matter of Memorial Estates, Inc., 950 F.2d 1364 (7th Cir.1991), cert. denied, 112 S.Ct. 2969 (1992).
 
 
 4
 The third order in question concerns a filing by the Schultzes entitled "List of Property and List of Unpaid Debts" ("List"). The Schultzes previously had filed a Schedule B-4 claim of exemptions with their original bankruptcy schedules. The case was then converted to Chapter 7. At a hearing concerning the "Trustee's Application to Sell Property and Employ Auctioneer", the Trustee learned that the Schultzes were attempting to use the List as an amendment to the schedule of exemptions. The Trustee filed a motion to strike the Schultzes' List, arguing that the List failed to comply with the requirements of filing a proper amended schedule of exemptions under Bankruptcy Rule 1007(b). The bankruptcy court agreed and found that the List did not operate as an amended schedule of exemptions. The district court affirmed on that basis.
 
 
 5
 Our jurisdiction over this order is more problematic. It appears to be neither a final order nor an interlocutory order. We might construe the appeal of the order as an objection to the sale. In that case the order became appealable once there was a final judgment with regards to the sale. However, because the sale has occurred, the appeal of the order overruling the objections to the sale via the List is moot. Our decision of course does not relate to any items on the List not sold at the auction. Thus, we do not decide the validity of the List.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs