47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daryl A. SCHULTZ, Norita J. Schultz, Plaintiffs-Appellants,
v.
David R. DUBOIS, Personally and as Trustee, Robert E. Grant,
Personally and as Judge, et al., Defendants-Appellees.
 No. 92-4057.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 16, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Daryl A. Schultz and Norita J. Schultz (the Schultzes) appeal pro se from the district court's dismissal of their in forma pauperis complaint as frivolous under 28 U.S.C. Sec. 1915(d). In 1992, certain personal property belonging to the Schultzes was sold in a court-ordered bankruptcy auction. Since then, the Schultzes have held to the unwavering belief that the property was sold in violation of 11 U.S.C. Sec. 522(1) and Fed.R.Bankr.P. 4003, which establish procedures allowing debtors to list property that is exempt from the estate and thus is not to be sold. The Schultzes raised this argument unsuccessfully on direct appeal. See In the Matter of Schultz, 21 F.3d 430 (7th Cir. April 28, 1994) (table, unpublished disposition). Now, the Schultzes bring similar claims in a civil suit against Robert E. Grant, the Bankruptcy Judge who ordered the sale, and David R. Dubois, their trustee in Bankruptcy. The Schultzes seek $250,000 in damages against the defendants for violations of several statutes and constitutional provisions, see Bivens v. Six Unknown, Named Agents, 403 U.S. 388 (1971), including federal bankruptcy procedures and the Due Process Clause.
 
 
 2
 The district court dismissed the Schultzes' complaint as frivolous, stating that "it attempts to reargue issues that have now been decided by this court and the court of appeals."[1] Order, Schultz v. DuBois, No. L 92-76 (N.D.Ind. November 9, 1992). An in forma pauperis complaint is frivolous if it has "no arguable basis in law or fact." Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994). We review the judgment of the district court for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Talley, 13 F.3d at 1033.[2]
 
 
 3
 A claim is frivolous if "it is clear that the defendants are immune from suit." Neitzke, 490 U.S. at 327; Williams v. Goldsmith, 701 F.2d 603, 604 (7th Cir.1983). The Schultzes allege that Grant improperly ordered the bankruptcy sale and that DuBois illegally obeyed this judicial decree. Grant, as a bankruptcy judge, is absolutely immune from suit unless he acted in "the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105 (1978), quoting Bradley v. Fisher, 80 U.S. 335, 351, 13 Wall. 335, 351 (1871); see also Yocum v. Dixon, 729 F.Supp. 616, 61 (C.D.Ill.1990) (bankruptcy judge immune from liability under Sec. 1983). In addition, as trustee, DuBois is entitled to quasi-judicial immunity for carrying out the orders of the bankruptcy court. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir.1986) (officials performing "ministerial acts" under the supervision of judges entitled to quasi-judicial immunity); Bennett v. Williams, 892 F.2d 822, 823 (9th Cir.1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order."); Yardkin Valley Bank & Trust Co. v. McGee, 819 F.2d 74, 76 (4th Cir.1987) (bankruptcy trustee immune if acts "under the direct orders of the court"); Boullion v. McClanahan, 639 F.2d 213, 214 (5th Cir.1981) (bankruptcy trustee acted as arm of the court and thus was entitled to absolute immunity). The Schultzes do not allege that Grant acted without jurisdiction, and their claim against DuBois arises from his reliance on a court order to sell the property. Thus, the Schultzes' complaint is frivolous as the defendants are clearly immune from suit.[3]
 
 
 4
 We hold that the Schultzes' in formal pauperis complaint is frivolous, and the trial court's dismissal of the same was proper. The decision of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 A lawsuit that attempts to reargue previously litigated issues will be precluded if there is "(1) a final judgment on the merits in a prior action; (2) identity of the cause of action in both the prior and subsequent suits; and (3) identity of parties or privies in ... [the] suits." Hawxhurst v. Pettibone Corp., 40 F.3d 175, 180 (7th Cir.1994)
 
 
 [2]
 The Schultzes argue that the district court erred by denying them in forma pauperis status because their suit is frivolous rather than first deciding whether they meet the poverty requirement and then determining whether the claim is frivolous. Although some courts have endorsed this procedure as preferable, see Dugan v. Lumpkin, 640 F.2d 189 (9th Cir.1979); Cole v. Smith, 344 F.2d 721, 723 (8th Cir.1965), it is by no means mandatory, see Dugan, 640 F.2d at 189, and the district court may properly deny in forma pauperis status because a suit is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831 (1989); Tyler v. City of Milwaukee, 740 F.2d 580, 582 (7th Cir.1984); Carrasco v. United States Government Justice Department Strike Force, 792 F.Supp. 603, 605 (N.D.Ill.1992)
 
 
 [3]
 The Schultzes also list AAA Auction Service and "all persons in possession of plaintiff's exempted equipment" as defendants. The complaint, however, does not explain the nature of the claim against AAA or AAA's involvement in the alleged wrongdoing. In addition, the blanket reference to "all persons" fails under Fed.R.Civ.P. 10(a), which requires the plaintiff to include the names of all parties in the complaint. Finally, the Schultzes had an opportunity to contest the sale in bankruptcy court, and they may not mount a collateral challenge to the decision by filing this lawsuit. See Hendrick v. Avent, 891 F.2d 583, 589 (5th Cir.1990), cert. denied, 498 U.S. 819, 111 S.Ct. 64 (1990); see also In the Matter of Met-L-Wood Corp., 861 F.2d 1012 (7th Cir.1988), cert. denied, Gekas v. Pipin, 490 U.S. 1006, 109 S.Ct. 1642 (1989)